**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
Trenton Division**

**BARBARA WESTOVER and DARL WESTOVER, JR., H/W,**

Plaintiffs

v.

**AMERICAN INTERNATIONAL INDUSTRIES,** individually and as successor to Pinaud, Inc., Barbara Alice, Inc., Ed Pinaud, Inc. d/b/a Ed Pinaud, The Nestle-Le Mur Company, The Neslemur Company, The Neslemur-Company, for the Clubman line of products;

**BARRETTS MINERALS, INC.;**

**BRENNTAG NORTH AMERICA,** as a successor-in-interest to Mineral Pigment Solutions, Inc., as a successor-in interest to Whittaker, Clark & Daniels, Inc.;

**BRENNTAG SPECIALTIES, INC.,** f/k/a Mineral Pigment Solutions, Inc., as a successor-in-interest to Whittaker, Clark & Daniels, Inc.;

**MINERALS TECHNOLOGIES INC.;**

**PFIZER, INC.;**

**SPECIALTY MINERALS, INC.;**

**WHITTAKER CLARK & DANIELS, INC.;**

**Civil Action No. _____________**

**NOTICE OF RELATED CASES**

[Originally filed in the Superior Court of New Jersey Law Division Middlesex County
Docket No. MID-L-003011-22 AS]

Related Cases:
Chapter 11
In re BMI Oldco, Inc., et al.
Bankruptcy Case No. 23-90794 (MI)

Civil Action No. 4:25-cv-02193 (CGH)
USDC-Southern District of Texas

Pending Motion:
Motion to Transfer and Fix Venue in the USDC-Southern District of Texas

**BRISTOL MYERS SQUIB,**
Individually and as Successor in Interest to Charles of the Ritz and Jean Nate;
**BLOCK DRUG COMPANY, INC.;**

**BLOCK DRUG CORPORATION;**

**CHARLES B. CHRYSTAL COMPANY, INC.;**

**CHATTEM, INC.,** sued individually and as successor-in-interest to MARTIN HIMMEL, INC., successor-in-interest to BLOCK DRUG CORPORATION, successor-in-interest to BLOCK DRUG COMPANY, successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY, successor-in-interest to GOLD BOND PHARMACEUTICAL CORPORATION;

**GLAXOSMITHKLINE, LLC,** individually and as successor-in-interest to BLOCK DRUG COMPANY;

**HIMMEL MANAGEMENT CO. LLC,** a/k/a HIMMEL GROUP formerly d/b/a MARTIN HIMMEL, INC., individually and as successor-in-interest to BLOCK DRUG CORPORATION, successor-in-interest to BLOCK DRUG COMPANY, successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY, successor-in-interest to GOLD BOND PHARMACEUTICAL CORPORATION;

**STEPHAN CO.,** individually and as successor-in-interest to OLD 97 COMPANY;

**JANSSEN PHARMACEUTICALS, INC.,** individually and as successor in interest to Johnson & Johnson Consumer, Inc.;

**JOHNSON & JOHNSON;**

**JOHNSON & JOHNSON CONSUMER, INC.;**

**JOHNSON & JOHNSON HOLDCO (NA) INC.;**

**KENVUE INC.,** individually and as successor in interest to Johnson & Johnson Consumer, Inc.;

**LTL MANAGEMENT, LLC;**

**GOLD BOND CO. LLC**, individually and as successor-in-interest to Chattem, Inc., individually and as successor-in-interest to MARTIN HIMMEL INC., successor-in-interest to BLOCK DRUG CORPORATION, successor-in-interest to BLOCK DRUG COMPANY, successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY, successor-in-interest to GOLD BOND PHARMACEUTICAL CORPORATION

**MARTIN HIMMEL INC**., individually and as successor-in-interest to BLOCK DRUG CORPORATION, successor-in-

interest to BLOCK DRUG COMPANY, successor-in-interest to THE GOLD BOND STERILIZING POWDER COMPANY a/k/a THE GOLD BOND COMPANY, successor-in-interest to GOLD BOND PHARMACEUTICAL CORPORATION;

**and JOHN DOE CORPORATIONS, 1-50**

Defendants.

Defendant American International Industries ("A-I-I") hereby files this Notice of Related Cases. The following proceedings are related to this action:

1. In re BMI OldCo Inc., et al.,

   Bankruptcy Case No. 23-90794 (MI)

   United States Bankruptcy Court for the Southern District of Texas.

2. In re BMI OldCo Inc., et al.,

   Case No. 4:25-cv-2193

   United States District Court for the Southern District of Texas.

This action is related to the pending bankruptcy proceedings and to proceedings pending in the Southern District of Texas. The BMI OldCo bankruptcy case involves overlapping issues concerning bankruptcy jurisdiction, venue, transfer, administration of talc-related claims, and the coordination of litigation involving products containing talc supplied by Barretts Minerals Inc. ("BMI"). This

action likewise involves allegations arising from products manufactured with BMI-supplied talc and presents factual and legal issues that substantially overlap with issues pending in the foregoing proceedings. In addition, Plaintiff has filed a proof of claim in the BMI OldCo bankruptcy proceedings based on the same or substantially similar alleged injuries and exposures at issue in this action involving the same BMI-supplied talc and substantially overlapping issues concerning asbestos content, causation, and liability.

On September 2, 2026, A-I-I filed a Motion to Transfer and Fix Venue for Claims Related to BMI's Chapter 11 Bankruptcy under 28 U.S.C. §§ 157(b)(5) and 1334(b) in the United States District Court for the Southern District of Texas, Houston Division. (Case 4:25-cv-02193; Doc. 102). This case is among those A-I-I seeks to transfer and consolidate in the Southern District of Texas, where the bankruptcy case and general causation proceeding are currently pending. Coordinated treatment of these matters will avoid inconsistent rulings, conserve judicial and party resources, and promote the efficient resolution of common issues.

/ / /

Dated: September 3, 2026

Respectfully submitted,

By: *<u>/s/ Roy F. Viola, Jr.</u>*
Roy F. Viola, Jr.

**GORDON REES SCULLY MANSUKHANI**
Attorneys for Defendant
American International Industries
290 West Mount Pleasant Avenue, Suite 3310
Livingston, NJ 07039
Telephone: (973) 549-2500
Facsimile: (973) 377-1911
Email: rviola@grsm.com

**CERTIFICATE OF SERVICE**

On this 3rd day of September 2026, the undersigned counsel for Defendants hereby certifies that a true and correct copy of the foregoing document was filed with the Court and served electronically through the CM-ECF (Electronic Case Filing) system to all counsel of record registered to receive a Notice of Electronic Filing.

*/s/ Roy F. Viola, Jr.* ___________
Roy F. Viola, Jr.