ROY F. VIOLA JR.
RVIOLA@GRSM.COM
DIRECT DIAL: (201-230-6015)

GRSM50
GORDON REES SCULLY MANSUKHANI
YOUR 50 STATE LAW FIRM™

ATTORNEYS AT LAW
290 W. MT. PLEASANT AVENUE,
SUITE 3310
LIVINGSTON, NJ 07039
WWW.GRSM.COM

September 23, 2026

Hon. Georgette Castner
United States District Court
District of New Jersey
402 East State Street, Courtroom 5E
Trenton, New Jersey 08608

**Re:** ***Barbara Westover and Darl Westover Jr., h/w v. American International Industries, et al., Case No: 3:26-cv-11391-GC-JBD***
**Defendant American International Industries' (A-I-I) Response to Request for Pre-Motion Conference re: Motion to Remand**

Your Honor:

A-I-I respectfully submits this response to Plaintiff's September 16, 2026, letter (Dkt. 6), which requests a pre-motion conference regarding Plaintiff's anticipated motion to remand. No conference is necessary because the dispute involves novel issues of fact and law and merits full briefing.

A-I-I opposes remand and any effort to litigate a unique federal jurisdiction question via informal correspondence. Instead, the Court should stay or defer remand consideration pending a ruling on A-I-I's motion to fix venue before United States District Court Judge George C. Hanks, Jr. *See Calumet Nat'l Bank v. Levine*, 179 B.R. 117, 123 (N.D. Ind. 1995) (court stayed all proceedings while debtor-defendant pursued § 157(b)(5) motion and deferred ruling on pending motions). If the Court allows Plaintiff to proceed, A-I-I requests full briefing and oral argument.

**Background** – This action concerns Plaintiff-Decedent Barbara Westover's alleged use of A-I-I's Clubman Talcum Powder ("Clubman"), which was made exclusively with Barretts Minerals Inc. ("BMI") talc. With every shipment, BMI gave A-I-I a written certificate that its talc complied with the United States Pharmacopeia ("USP") standard for pharmaceutical grade talc and contained no regulated asbestos.

BMI's Chapter 11 case is pending in the Southern District of Texas before the Honorable Marvin Isgur who took the extraordinary step of issuing a report and recommendation (the "AORR") asking the district court to withdraw the reference and decide a threshold issue to resolving the bankruptcy: whether BMI talc "contained sufficient quantity and form of asbestos to cause mesothelioma or other asbestos-related diseases." SDTX Dkt. 42.[1]

[1] All references to the docket in the general causation proceeding currently pending in the Southern District of Texas will be identified as "SDTX Dkt. __." *In re BMI OLDCO Inc.*, No. 4:25-cv-02193 (S.D. Tex.).

After extensive briefing and argument, Judge Hanks adopted the AORR. With A-I-I's participation, the district court is allowing discovery and conducting a hearing or trial to determine whether there is sufficient evidence of general causation between BMI talc and mesothelioma. That is exactly the preliminary issue that must be decided in *v*, and it must be decided consistently.

Continuing to litigate the underlying tort matter will impact the bankrupt estate in a variety of ways. For example, if a factfinder in *Westover* were to determine that BMI talc in Clubman contained asbestos, then BMI breached its express warranty to A-I-I (who would have a claim against BMI in its bankruptcy). Yet, BMI would urge that Judge Hanks' general causation determination is the only one that should apply to its bankruptcy. A general causation finding in this case, inconsistent with what Judge Hanks decides on the same question, will cause the BMI estate to unduly consume resources trying to sort out these inconsistencies.

**Pending Motion to Transfer and Fix Venue** – On September 2, 2026, A-I-I filed a motion to transfer and fix venue for this wrongful death claim in the district where the BMI bankruptcy is pending.[2] Given Judge Hanks' decision to withdraw the reference and address the central causation issue, he should determine whether to allow other cases with a common threshold issue to proceed in his court. *See* 28 U.S.C. § 157(b)(5) ("The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, *as determined by the district court in which the bankruptcy case is pending*." (emphasis added). A-I-I's motion to fix venue will likely be fully briefed and ripe for consideration by September 30, 2026.

**Remand Is Inappropriate** – A-I-I disputes Plaintiff's four arguments for remand. Each contains distinct legal issues that are factually intensive and must be considered in context with the unique scientific proceeding taking place before Judge Hanks. In brief:

1. The Notice of Removal was timely. A-I-I acted promptly to remove the case within 30 days of Judge Hanks' August 4, 2026, order granting its intervention. SDTX Dkt. 84. That order was the first time A-I-I could ascertain its § 1334(b) nexus and corresponding right to remove. Although Federal Rule of Bankruptcy Procedure 9027 governs the timing of a 28 U.S.C. § 1452 removal, its advisory committee notes confirm it is modeled on the general removal statute, 28 U.S.C. § 1446.[3] A-I-I's position—that removal was proper within 30 days of the date removability became ascertainable—is a natural extension of the ascertainability principles reflected in § 1446(b)(3) and incorporated into Rule 9027. Because the district court itself deemed A-I-I's participation premature until that date, no clock can fairly run against A-I-I before it.[4]

2. This Court has "related to" jurisdiction under 28 U.S.C. § 1334(b) because Plaintiff's claims against A-I-I raise the identical threshold question the SDTX has already undertaken to decide in BMI's bankruptcy. On the bankruptcy court's recommendation, Judge Hanks partially abated the bankruptcy precisely so that this common, dispositive question could be resolved in a single, centralized forum. SDTX No. 42.

---

[2] A-I-I's motion is attached as Exhibit A to its Notice of Removal. Dkt. 1-1.
[3] Fed. R. Bankr. P. 9027 advisory committee's note to 1983 amendment.
[4] A-I-I alternatively contends that no 30-day removal clock has been triggered. In the Third Circuit, the terms "amended pleading, motion, order or other paper" in 28 U.S.C. § 1446(b)(3) only address developments within the removed case itself, and not in separate cases. *League of Women Voters of Pennsylvania v. Commonwealth of Pennsylvania*, 921 F.3d 378, 384 (3d Cir. 2019). Under that standard, no "other paper" exists here.

A proceeding is "related to" a bankruptcy if its outcome "could conceivably have any effect" on the estate being administered. *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984); accord *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.6 (1995). The proceeding "need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Pacor*, 743 F.2d at 994. Here, because Plaintiff's claims against A-I-I arise from the same product (BMI talc) at issue in the bankruptcy, any judgment against A-I-I would, in effect, be a judgment against the estate. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1014 (4th Cir. 1986).

A-I-I is a direct participant in the bankruptcy-related proceedings due to Judge Hanks' intervention order. SDTX Dkt. 84. A-I-I and BMI also share a direct relationship through A-I-I's exclusive purchase of BMI talc for incorporation into Clubman. *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 435, 440 (5th Cir. 2001) (discussing *In re Dow Corning Corp.*, 86 F.3d 482, 498 (6th Cir. 1996) (invoking "related to" jurisdiction where co-defendants were closely involved in using the same material, originating with the debtor, to make the same product and incurring substantially similar injuries). A-I-I is a creditor of the BMI estate, has a pending proof of claim, and will seek relief for breach of contract/express warranty (a direct claim) and indemnification and contribution for talc-related liabilities. This action is related to the bankruptcy because—if the assertion from BMI that its talc did not contain asbestos was false, which will be determined in the causation proceeding—A-I-I has a breach of warranty claim that should be decided by the federal court who has devoted a special proceeding to resolving this key threshold question.

3. Abstention is not appropriate. § 1334(c)(2) exempts personal injury and wrongful death claims (and the derivative indemnity claims that flow from them) from mandatory abstention. Permissive abstention and equitable remand are disfavored where, as here, § 157(b)(5) commits the venue decision to the district court overseeing the bankruptcy. Further, there is no prejudice to Plaintiff. *Westover* is not trial set, and A-I-I's requested relief does not deprive Plaintiff of the ability to pursue her claims. It merely ensures that the common threshold issue is resolved in the court already presiding over the general causation proceeding before duplicative litigation proceeds in state court. Comity is promoted by the individual district courts' respect for and recognition of the importance of the Southern District of Texas' decision on the common causation question.

**Conclusion** – A-I-I respectfully asks that the Court hold Plaintiff's request in abeyance pending the Southern District of Texas' resolution of the § 157(b)(5) venue-fixing motion. If this case is not transferred, the parties can proceed with full briefing on Plaintiff's anticipated motion to remand.

Respectfully submitted,



Roy F. Viola, Jr., Counsel for A-I-I

cc: All Counsel of Record via ECF